# Complaint Exhibit 1



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Provider Reimbursement Review Board
1508 Woodlawn Drive, Suite 100
Baltimore, MD 21207
410-786-2671

**Via Electronic Mail**

Daniel J. Hettich, Esq.
King & Spalding, LLP
1700 Pennsylvania Avenue, NW
Washington, D.C. 20006-4706

     **RE:** *EJR Determination-King & Spalding DGME Appeals*
        *See* Appendix I for a List of Cases

Dear Mr. Hettich:

The Provider Reimbursement Review Board ("Board") has reviewed the Providers' requests for expedited judicial review ("EJR") received May 14, 2019, May 21, 2019 and May 29, 2019, as well as the Providers' June 24, 2019 response to the Board's June 13, 2010 request for additional information.  The decision of the Board is set forth below.

The issue under appeal in each of these cases is:

> Whether the formula for calculating the number of full-time equivalent ("FTE") residents in a hospital may count in a year for the purposes of direct graduate medical education [DGME], as contained in 42 C.F.R. [§] 413.79(c)(2)(iii), is unlawful because it penalizes hospitals that train "fellows" (*i.e.*, residents who are not in their initial residency period) while operating in excess of their FTE caps.  The Providers seek relief in the form of an adjustment to their FTE count for its present, prior and penultimate years.[1]

**Background**

The Medicare statute requires the Secretary[2] to reimburse hospitals for the "direct" costs of hosting graduate medical training programs for physician residents (direct graduate medical education or "DGME").[3]  These costs include the salaries of teaching physicians and stipends paid to resident physicians.[4]

---

[1] Providers' EJR request at 1.
[2] of the Department of Health and Human Services.
[3] 42 U.S.C. § 1395ww(h).
[4] *See* S. Rep. No. 404, 89th Cong. 1st Sess 36 (1965); H.R. No 213, 89th Cong., 1st Sess. 32 (1965).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 2

The Medicare statute prescribes a formula for computing annual DGME payments to hospitals. The statutory formula consists of three components:

1. The hospital's number of FTE residents, or "FTE count;"

2. The hospital's average cost per resident (*i.e.* the per resident amount or "PRA"); and

3. The hospital's patient load, which is the percentage of a hospital's inpatient treatment days attributable to Medicare Part A and Part C beneficiaries.[5]

This appeal concerns the first component of the DGME payment calculation—the resident FTE count.

A hospital's "resident FTE count" for DGME reimbursement is the number of residents trained at the hospital as adjusted by three statutory provisions. First, the statute, 42 U.S.C. 1395ww(h)(4)(C), assigned different weights to residents depending on their status. The statute states that:

> (C) . . . [I]n calculating the number of full-time equivalent residents in an approved residency period---
>
> (ii) . . .for a resident who is in the resident's initial residency period . . . the weighting factor is 1.0 . . .
>
> (iv) . . .for a resident who is not in the resident's initial residency period . . . the weighting factor is .50.

Pursuant to this statutory provision, FTEs attributable to residents who are training in their initial residency period[6] ("*IRP residents*") are weighted at 100 percent or 1.0 while FTEs attributable to residents who are not in their initial residency period (commonly referred to as "*fellows*") are weighted at 50 percent or 0.5. The sum of the weighted FTEs for IRP residents and fellows in a given year is known as a hospital's "weighted FTE count." For example, under this weighting assignment, a hospital that trained 10 IRPs and 10 fellows in a given year would have a weighted FTE count of 15.

On August 5, 1997, Congress enacted § 4623 of the Balanced Budget Act of 1997 ("BBA")[7] which added 42 U.S.C. § 1395ww(h)(4)(F) to establish a limit on the number of osteopathic and allopathic residents that a hospital can be included in its FTE count for DGME payments. For cost reporting periods beginning on or after October 1, 1997, a hospital's unweighted DGME FTE count could not exceed the hospital's unweighted FTE count for its most recent cost

---

[5] 42 U.S.C. § 1395(h).
[6] "Initial residency period" is defined in the statute as the minimum number of years required for Board eligibility. 42 U.S.C. § 1395ww(h)(5)(F).
[7] Pub. L. 105–33, § 4623, 111 Stat. 251, 477 (1997).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 3

reporting period ending on or before December 31, 1996.  In this regard, § 1395(h)(4)(F)(i) states:

> [F]or purposes of a cost reporting period beginning on or after October 1, 1997 . . . the total number of full-time equivalent residents before the application of the weighting factors (as determined under this paragraph) with respect to a hospital's approved medical residency training program in the fields of allopathic and osteopathic medicine *may not exceed* the number (or 130 percent of such number in the case of a hospital located in a rural area) of such full-time equivalent residents for the hospital's most recent cost reporting period ending on or before December 31, 1996.[8]

Further, 42 U.S.C. § 1395ww(h)(4)(G)(i) provides that residents are counted on a three year average.  Finally, 42 U.S.C. § 1395ww(h)(4)(A) directs the Secretary to "establish rules consistent with [§ 1395ww(h)(4)] for the computation of the number of full-time equivalent residents in an approved medical residency training program."

CMS implemented BBA § 4623, in part, by promulgating regulations at 42 C.F.R. § 413.86(g)(4) to implement the unweighted FTE cap.[9]  Specifically, in the FY 1998 inpatient prospective payment system ("IPPS") final rule published on August 20, 1997 ("FY 1998 IPPS Final Rule"), CMS promulgated revisions to 42 C.F.R. § 413.86(g)(4) and included the following explanation in the preamble to that rule:

> *To address situations in which a hospital increases the number of FTE residents **over the cap***, notwithstanding the limit established under section 1886(h)(4)(F), we are establishing the following policy for determining the hospital's weighted direct GME FTE count for cost reporting periods beginning on or after October 1, 1997.
>
> • *Determine the ratio of* the hospital's unweighted FTE count for residents in those specialties for the most recent cost reporting period ending on or before December 31, 1996, *to* the hospital's number of FTE residents without application of the cap for the cost reporting period at issue.
>
> • *Multiply the ratio determined above by* the weighted FTE count for those residents for the cost reporting period. Add the weighted

---

[8] 42 U.S.C. § 1395ww(h)(4)(F)(i) (emphasis added).  Further, 42 U.S.C. § 1395ww(h)(4)(H) directs the Secretary to establish rules for determining the caps of hospitals that establish *new* programs after December 31, 1996.
[9] 62 Fed. Reg. 45966, 45967, 46004 (Aug. 29, 1997).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 4

count of residents in dentistry and podiatry to determine the
weighted FTEs for the cost reporting period. This methodology
should be used for purposes of determining payment for cost
reporting periods beginning on or after October 1, 1997. . . .

For example, if the hospital's FTE count of residents in its cost
reporting period ending December 31, 1996 is 100 residents before
application of the initial residency weighting factors and the
hospital's number of residents for its December 31, 1990 cost
reporting period is 110 FTE residents, the ratio of residents in the
two cost reporting periods equals 100/110. If the hospital's
weighted FTE count is 100 FTE residents in the December 31,
1998 cost reporting period (that is, of the 110 unweighted
residents, 20 are beyond the initial residency period and are
weighted as 0.5 FTE), the hospital's weighted FTE count for
determining direct GME payment is equal to (100/110) [x] 100, or
90.9 FTE residents. . . .

*****

We believe this ***proportional*** *reduction* in the hospital's
unweighted FTE count is an equitable mechanism for
implementing the statutory provision.[10]

Section 413.86(g)(4) remained unchanged until the FY 2002 IPPS final rule published on August
1, 2001 ("FY 2002 IPPS Final Rule").[11]  Therein, the Secretary modified the allowable FTEs
formula so that the proportionate reduction to the weighted FTE count would be calculated
separately for FTEs attributable to residents trained in primary care, obstetrics and gynecology
programs and residents training in nonprimary care programs.  In that final rule, the modified
methodology, effective for cost report periods beginning on or after October 1, 2001 was:

*Step 1.* Determine that the hospital's total unweighted FTE counts
in the payment year cost reporting period and the prior two
immediately preceding cost reporting periods for all residents in
allopathic and osteopathic medicine do not exceed the hospital's
FTE cap for these residents in accordance with § 413.86(g)(4). *If
the hospital's total unweighted FTE count in a cost reporting
period exceeds its cap*, the hospital's weighted FTE count, for
primary care and obstetrics and gynecology residents and
nonprimary care residents, respectively, will be reduced *in the
same **proportion*** that the number of these FTE residents for that

---

[10] 62 Fed. Reg. at 46005 (emphasis added).
[11] 66 Fed. Reg. 39826 (Aug. 1, 2001).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 5

cost reporting period exceeds the unweighted FTE count in the cap. The ***proportional reduction*** is calculated *for primary care **and obstetrics and gynecology residents and nonprimary care residents separately*** in the following manner:

> (FTE cap/unweighted total FTEs in the cost reporting period) × (weighted primary care and obstetrics and gynecology FTEs in the cost reporting period)

> plus

> (FTE cap/unweighted total FTEs in the cost reporting period) × (weighted nonprimary care FTEs in the cost reporting period).

Add the two products to determine the hospital's *reduced cap*.[12]

To codify this change, the Secretary added clause (iii) to § 413.86(g)(4). In the final rule published on the August 11, 2004, CMS relocated 42 C.F.R. § 413.86(g)(4)(iii) to 42 C.F.R. § 413.79(c)(2)(iii).[13] This regulation is the focus of these appeals and this EJR request, and it states the following:

> If the hospital's number of FTE residents in a cost reporting period beginning on or after October 1, 2001 exceeds the limit described in this section [*i.e.*, the FTE cap or limit], the hospital's weighted FTE count (before application of the limit) for primary care and obstetrics and gynecology residents and nonresidents, respectively, will be reduced in the same proportion that the number of FTE residents for that cost reporting period exceeds the number of FTE residents for the most recent cost reporting period ending on or before December 31, 1996.[14]

As previously noted, this regulation addresses how to reduce a hospital's weighted FTE count for a fiscal year when the unweighted FTE count for that fiscal year exceeds the hospital's unweighted FTE cap.

On their cost reports, hospitals report the number of allopathic and osteopathic FTE residents (before applying the weighting factors mentioned above) that were actually trained at the facility

---

[12] *Id.* at 39894 (emphasis added).

[13] *See* 69 Fed. Reg. 48916, 49258-64. As part of the relocation, CMS modified the language slightly by removing the references to "paragraph (g)" that were in the prior version of the regulation and replacing them with reference to "the limit described in this section."

[14] 42 C.F.R. § § 413.79(c)(2)(iii) (2011). The Secretary has not made any changes to § 413.79(c)(2)(iii) since the FY 2005 IPPS final rule.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 6

that year.[15]  This information is used to determine whether the hospital exceeds its unweighted FTE cap.

In addition, the statute sets the number of FTEs a hospital can claim for reimbursement as the hospital's average FTE count between the present, prior and penultimate years.  The statute states:

> [T]he total number of full-time equivalent residents for determining a hospital's graduate medical education payment shall equal the average of the actual full-time equivalent resident counts for the cost reporting period and the preceding two cost reporting periods.[16]

Therefore, a hospital's present year FTE count, after applying the weighting factors and FTE caps, is averaged with the FTE counts from the prior and penultimate years.

## The Providers' Position

The Providers contend that the regulation, 42 C.F.R. § 413.79(c)(2)(iii), is unlawful because it further reduces a hospital's weighted FTE count in cases in which a hospital trains residents (whether IRPs or fellows) above the FTE cap.  This reduction is accomplished by multiplying the weighted FTE count by a fraction consisting of the hospital's FTE cap (numerator) and the number of unweighted FTEs the hospital reported in that cost reporting year (denominator).  This results in the hospital's allowable FTE count.  The Providers point out that the regulation only applies when hospitals report residents in excess of their cap level.  Consequently, if a hospital's unweighted FTE count for allopathic and osteopathic residents is less than or equal to its cap, its weighted FTEs are not reduced.

The Providers assert that the regulation for calculating allowable FTEs in 42 C.F.R. § 413.79(c)(2)(iii) has no basis in the text of the statute that it purports to interpret.  Moreover, the Providers assert that the regulation produces absurd results.  They explain that, if a hospital is training residents in excess of its cap, and some of its residents are fellows, under the regulation, each fellow that the hospital reports in excess of its cap will actually reduce its DGME reimbursement, otherwise known as "the fellow penalty."  For these reasons, the Providers believe that the regulation is arbitrary and capricious, in excess of its statutory authority and should be held unlawful.

The Providers also note that they are seeking a correction of the allowable FTE counts for their prior and penultimate cost reporting years.  Since the FTE counts from the prior and penultimate years were determined in cost reporting periods preceding the payment years under appeal, they may be considered "predicate facts."  The Providers point out that the Centers for Medicare & Medicaid Services has interpreted the three-year limitations period in the reopening regulation at

---

[15] 77 Fed. Reg. 53258, 53423 (Aug. 31, 2012) (stating that when a hospital trains residents in excess of its cap, "it should report those FTE residents on its cost report regardless of whether or not it is training over its caps.")
[16] 42 U.S.C. § 1395ww(h)(4)(G)(i).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 7

42 C.F.R. § 405.1885(b)(2)(i) as prohibiting providers from appealing predicate facts in cost report appeals.  However, that interpretation was recently rejected in *Saint Francis Medical Center v. Azar*[17] ("*St. Francis*") which concluded that "42 C.F.R. § 405.1885(b)(2)(i) does not apply to appeals from a fiscal intermediary to the PRRB."[18]

**Decision of the Board**

Pursuant to 42 U.S.C. § 1395oo(f)(1) and the regulations at 42 C.F.R.§ 405.1842(f)(1) (2017), the Board is required to grant an EJR request if it determines that:  (i) the Board has jurisdiction to conduct a hearing on the specific matter at issue; and (ii) the Board lacks the authority to decide a specific legal question relevant to the specific matter at issue because the legal question is a challenge either to the constitutionality of a provision of a statute or to the substantive or procedural validity of a regulation or CMS Ruling.

   *A.  Background on Appeals of Self-Disallowed Costs*

For purposes of Board jurisdiction over a participant's appeals for cost report periods ending prior to December 31, 2008, the participant may demonstrate dissatisfaction with the amount of Medicare reimbursement for the appealed issue by claiming the SSI/Part C issue as a "self-disallowed cost," pursuant to the Supreme Court's reasoning set out in *Bethesda Hosp. Ass'n v. Bowen* ("*Bethesda*").[19]  In that case, the Supreme Court concluded that a cost report submitted in full compliance with the Secretary's rules and regulations, does not bar a provider from claiming dissatisfaction with the amount of reimbursement allowed by the regulations. Further, no statute or regulation expressly mandated that a challenge to the validity of a regulation be submitted first to the Medicare Contractor where the contractor is without the power to award reimbursement.[20]

On August 21, 2008, new regulations governing the Board were effective.[21]  Among the new regulations implemented in Federal Register notice was 42 C.F.R. § 405.1835(a)(1)(ii) which required for cost report periods ending on or after December 31, 2008, providers who were self-disallowing specific items had to do so by following the procedures for filing a cost report under protest.  This regulatory requirement was litigated in *Banner Heart Hosp. v. Burwell* ("*Banner*") before the D.C. District Court.[22]  In *Banner*, the provider filed its cost report in accordance with the applicable outlier regulations and did not protest the additional outlier payment it was seeking.  The provider's request for EJR was denied because the Board found that it lacked jurisdiction over the issue.  The D.C. District Court concluded that, under *Bethesda,* the 2008

---

[17] 894 F. 3d 290 (D.C. Cir. 2018).

[18] *Id.* at 297.

[19] 108 S. Ct. 1255 (1988).  *See also* CMS Ruling CMS-1727-R (in self-disallowing an item, the provider submits a cost report that complies with the Medicare payment policy for the item and then appeals the item to the Board.  The Medicare Contractor's NPR would not include any disallowance for the item.  The provider effectively self-disallowed the item.).

[20] *Bethesda*, 108 S. Ct. at 1258-59.

[21] 73 Fed. Reg. 30190, 30240 (May 23, 2008).

[22] 201 F. Supp. 3d 131 (D.D.C. 2016).

self-disallowance regulation could not be applied to appeals raising a legal challenge to a regulation or other policy that the Medicare Contractor could not address.[23]

The Secretary did not appeal the D.C. District Court's decision in *Banner* and instead decided to largely apply the holding to certain similar administrative appeals.  Effective April 23, 2018, the CMS Administrator implemented CMS Ruling CMS-1727-R which involves dissatisfaction with the Medicare Contractor determinations for cost report periods ending on December 31, 2008 and which began before January 1, 2016,  Under this ruling, where the Board determines that the specific item under appeal was subject to a regulation or payment policy that bound the Medicare Contractor and left it with no authority or discretion to make payment in the manner sought by the provider on appeal, the protest requirements of 42 C.F.R. § 405.1835(a)(1)(ii) were no longer applicable.  However, a provider could elect to self-disallow a specific item deemed non-allowable by filing the matter under protest.

### B.  Background on Appeals of Precedent Facts

#### 1.  The 2013 Kaiser Case and CMS' Subsequent Revisions to 42 C.F.R. § 405.1885

In 2013, the D.C. Circuit issued its decision in *Kaiser Found. Hosp. v. Sebelius* ("*Kaiser*") holding that "the reopening regulation allow[ed] for modification of predicate facts in closed years provided the change will only impact the total reimbursement determination in open years."[24]  The *Kaiser* case also involved the statutory cap on IME FTEs in base year cost reports, and the D.C. Circuit examined whether or not predicate facts could be corrected beyond the 3 year re-opening limit contained in 42 C.F.R. § 405.1885.  In finding for the Providers, the D.C. Circuit rejected CMS' arguments that modification of predicate facts in closed years constitutes an impermissible reopening, and that even if not a reopening, the modification necessitates and adjustment to the closed year's reimbursement.[25]

CMS disagreed with the *Kaiser* decision, and, in response, revised 42 C.F.R. § 405.1885 as part of the Calendar Year 2014 Outpatient Prospective Payment System and Medicare Ambulatory Surgical Center Payment System Final Rule ("CY 2014 OPPS/ASC Final Rule").   In the preamble to this final rule, CMS gave the following explanation for its revisions to § 405.1885:

> …we are adopting the proposed revisions to §§ 405.1885(a)(1) and (a)(2)(iv) to clarify that the specific "matters at issue in the determination" that are subject to the reopening rules include factual findings for one fiscal period that are predicate facts for later fiscal periods with the following modifications:  We are adding language to paragraph (a)(1)(iii) that defines the "predicate facts" that are subject to the revisions as factual findings for one

---

[23] *Id.* at 142.
[24] 708 F.3d 226, 232-233 (D.C. Cir. 2013).
[25] *Kaiser Found. Hosps. v. Sebelius,* 708 F.3d 226, 229 (D.C. Cir. 2013).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 9

> cost reporting period that once determined are used in one or more
> subsequent cost reporting periods to determine reimbursement.
> We are adding language to paragraph (b)(2)(iv) to clarify that it
> does not apply to factual findings when made as part a
> determination of reasonable cost under section 1861(v)(1)(A) of
> the Act.  Paragraph (a)(1)(iv) also was reworded for clarity.
> Absent a specific statute, regulation, or other legal provision
> permitting reauditing, revising , or similar actions changing
> predicate facts:

> (1) A predicate fact is subject to change only through a timely
> appeal or reopening of the NPR for the fiscal period in which the
> predicate fact first arose or the fiscal period for which such fact
> was first determined by the intermediary; and/or

> (2) the application of the predicate fact is subject to change
> through a timely appeal or reopening of the NPR for the fiscal
> period in which the fact was first used (or applied), by the
> intermediary to determine the provider's reimbursement.[26]

CMS further stated that the revision to 42 C.F.R. § 405.1885 "would apply to *all* Medicare
reimbursement determinations, and *not only* to direct GME payment, which was the particular
issue in *Kaiser* . . . ."[27]  CMS further stated that the revision would apply to any final
determination "issued on or after the effective date of the final rule, and for any appeals or
reopening . . . pending on or after the effective date of the final rule, even if the intermediary
determination . . . preceded the effective date of the final rule."[28]  The effective date of the
revised 42 C.F.R. § 405.1885 was January 1, 2014.[29]

   *2.  The* Saint Francis *Case*

In June 2018, the D.C. Circuit revisited the issue of predicate fact as part of *Saint Francis Med.
Ctr. v. Azar* ("*Saint Francis*").  Specifically, in *Saint Francis*, the D.C. Circuit reviewed CMS'
2013 revision to 42 C.F.R. § 405.1885 and held "that 42 C.F.R. § 405.1885 does not apply to
appeals from a fiscal intermediary to the PRRB."[30]  The Court reasoned that "[t]he reopening
regulation applies *only* to reconsideration by the entity that made the decision at issue.  It does
not apply to administrative appeals."[31]  The court explained that a reopening occurs when
various administrative actors within the agency reconsider *their own prior decisions*.  The case
was remanded to the agency for further proceedings consistent with the D.C. Circuit's opinion.

---

[26] 78 Fed. Reg. 74826, 75169 (Dec. 10, 2013).
[27] *Id.* at 75165.
[28] *Id.*
[29] 78 Fed. Reg. 74826 (Dec. 10, 2013).
[30] *Id.* at 297 (citation omitted).
[31] *Saint Francis Med. Ctr. v. Azar,* 894 F.3d 290, 294 (D.C. Cir 2018) (emphasis added).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 10

The Secretary has not formally acquiesced to the *Saint Francis* decision as of yet. However, it is clear from the *Saint Francis* case that the D.C. Circuit interpreted the reopening regulation at 42 C.F.R. § 405.1885 to *not* apply to appeals before the Board because they involve the Board reviewing a Medicare Contractor final determination. Moreover, the D.C. Circuit's decision in *Saint Francis* is controlling precedent for the interpretation of 42 C.F.R. § 405.1885 (as revised in 2013) because the Provider could bring suit in the D.C. Circuit.[32]  Accordingly, the Board finds it is not bound by the Secretary's "longstanding policy" that predicate facts may only be re-determined by a timely appeal of the final determination in which the predicate fact first arose or was applied.

Based on the above, the Board finds that it has the authority to decide the FTE issue as it relates to the FTE counts for the prior and penultimate years under appeal because, under *Kaiser* and *Saint Francis*, providers may appeal and the Board may modify a predicate fact *as it relates to the open years under appeal*.

### C. Board Jurisdiction

The Board has determined that the participants involved with the instant EJR request are governed by CMS Ruling CMS-1727-R since they are challenging a regulation (as described more fully below) and that the appeals of fiscal years involving predicate facts are governed by the D.C. Circuit's decisions in *Kaiser* and *Saint Francis.*  In addition, the participants' documentation shows that the estimated amount in controversy exceeds $50,000, as required for a group appeal.[33]  The appeals were timely filed. Based on the above, the Board finds that it has jurisdiction for the above-captioned appeals and the underlying participants. The estimated amount in controversy is subject to recalculation by the Medicare contractor for the actual final amount in each case.

### D. Board's Analysis of the Appealed Issue

The Providers assert that the regulation at 42 C.F.R. § 413.79(c)(2)(iii) penalizes hospitals which exceed their FTE caps because of the perceived disparate treatment between IRP residents (*i.e.*, residents in their initial training period) and fellows. The Providers assert that § 413.79(c)(2)(iii) states the following equation for calculating the weighted cap (*i.e.* "Allowable FTE Count") for a particular fiscal year ("FY") and that this equation results in the perceived disparate treatment between IRP residents and fellows. Specifically, the Providers present the following equation in

---

[32] The CMS Administrator generally has applied as controlling precedent the law of the Circuit in which the Provider is located. *See, e.g., QRS CHW DSH Labor room Days Groups v. Blue Cross Blue Shield Ass'n*, Adm'r Dec. (Apr. 13, 2009), affirming, PRRB Dec. No. 2009-D11 (Feb. 27, 2009); *St. Vincent Mercy Med. Ctr. v. BlueCross BlueShield Ass'n*, Adm'r Dec. (Nov. 17, 2008), *affirming in part and reversing in part*, PRRB Dec. No. 2008-D35 (Sept. 15, 2008). However, in recognizing that providers may file suit with the appropriate District Court either in the Circuit in which they are located or the D.C. Circuit, the Administrator also applies as controlling precedent the law of the D.C. Circuit. *See, e.g., Jordan Hosp. v. Blue Cross Blue Shield Ass'n.*, Adm'r Dec. (Apr. 30, 2007), *vacating*, PRRB Dec. No. 2007-D23 (Feb. 28, 2007).
[33] *See* 42 C.F.R. § 405.1837.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 11

their request for EJR used to calculate the allowable count for residents (*i.e.*, IRP residents and fellows) in primary care and obstetrics and gynecology programs and separately for residents (*i.e.*, IRP resents and fellows) in nonprimary care programs:

$$\text{\textit{Allowable FTE count}} = \frac{\text{\textit{Unweighted FTE Cap}}}{\text{\textit{Unweighted FTE Count}}} \times \text{\textit{Weighted FTE Count}}\,^{34}$$

Accordingly, the Board set out to confirm the Providers' assertion that § 413.79(c)(2)(iii) does in fact set forth the above equation.

At the outset, the Board notes that, pursuant to the introductory phrase in § 413.79(c)(2)(iii) (*i.e.*, "[i]f the hospital's number of FTE residents in a cost reporting period beginning on or after October 1, 2001 exceeds the limit described in this section [*i.e.*, the FTE cap or limit]"), the above equation is used **_only_** when the "Unweighted FTE Count" for a FY exceeds the "Unweighted FTE Cap" in order to determine what the Providers describe as the "Allowable [weighted] FTE count" for the FY.[35]   As such, the equation would logically appear to be a method used to translate the "Unweighted FTE Cap" into a *weighted* context where the "Allowable FTE count" for a FY is really a "weighted FTE cap" for the FY because it is **_only_** used when the unweighted FTE count exceeds the unweighted FTE cap.  Indeed, the Board's description of the product of the equation as a "cap" is consistent with the Secretary's description of it as a "reduced cap" in the preamble to the FY 2002 IPPS Final Rule.[36]   Accordingly, the Board will refer to the variable "Allowable FTE count" for the FY as the "Weighted FTE Cap" to facilitate the Board's discussion below on how the equation is conceptually set forth in the text of § 413.79(c)(2)(iii).

Bearing this concept in mind, the Board reviewed the regulation closely and agrees with the Providers that § 413.79(c)(2)(iii) essentially states the above equation, albeit in a slightly different form where the difference is inconsequential and it gives the same results.  In its entirety, § 413.79(c)(2)(iii) states:

> If the hospital's number of FTE residents in a cost reporting period beginning on or after October 1, 2001 exceeds the limit described in this section [*i.e.*, the FTE cap or limit], the hospital's weighted FTE count (before application of the limit) for primary care and obstetrics and gynecology residents and nonprimary care residents, respectively, *will be reduced **in the same proportion*** that the number of FTE residents for that cost reporting period exceeds the number of FTE residents for the most recent cost reporting period

---

[34] Providers' EJR Request at 6; Providers' Response to RFI at 2.

[35] *See also* 62 Fed. Reg. at 46005 (describing the purpose of the regulation being adopted in the final rule as follows: "To address situations in which a hospital increases the number of FTE residents over the cap, notwithstanding the limit established under section 1886(h)(4)(F), we are establishing the following policy for determining the hospital's *weighted* direct GME FTE count for cost reporting periods beginning on or after October 1, 1997." (Emphasis added.)).

[36] 66 Fed. Reg. at 39894 (emphasis added).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 12

> ending on or before December 31, 1996 [*i.e.*, the FTE cap or
> limit].[37]

At first blush, it would not appear that the equation is specifically stated in the
regulation.  However, once the regulation is unpacked around the words "in the same
proportion," it is clear that the regulation is relying on ratios as the basis for the equation used to
calculate the Weighted FTE Cap applicable for the fiscal year.[38]  Indeed, CMS reiterates this in
the preamble to the FY 1998 Final Rule by rationalizing § 413.79(c)(2)(iii)  as follows: "We
believe this ***proportional reduction*** in the hospital's unweighted FTE count is an equitable
mechanism for implementing the statutory provision."[39]  Essentially, the regulation is stating that
the Weighted FTE Cap is to the FY's Weighted FTE Count as the Unweighted FTE Cap is to the
FY's Unweighted FTE Count.  The calculation of the Weighted FTE Cap is achieved through the
operation of the following simple algebraic principle of equivalent fractions[40] (*i.e.*, ratios) using
variables a, b, c, and d:

$$If \ \frac{a}{b} = \frac{c}{d} \ then \ \ c = \frac{a}{b} \ x \ d$$

On first side of the initial algebraic equation (*i.e.*, the ratio of "a / b") is the following
phrase:  "the number of FTE residents for that cost reporting period exceeds [the FTE cap or
limit]."  This phrase (the ***Unweighted FTE Cap*** is to the ***FY's Unweighted FTE Count***)
expressed as a ratio ("a/b") is the Unweighted FTE Cap over the FY's Unweighted FTE
Count.[41]

On the other side of the algebraic equation (*i.e.*, the ratio of "c / d") is the following phrase:  "the
hospital's weighted FTE count (before application of the limit) . . . will be reduced in the same
proportion."  This phrase expressed as a ratio ("c/d") is an *unknown* Weighted FTE Cap over the
FY's Weighted FTE Count.  In other words, the unknown Weighted FTE Cap is the resulting
value of the weighted FTEs being reduced in the same proportion as the FY Unweighted FTE
Count exceeds the Unweighted FTE cap.  The full proportional equation is expressed as follows:

---

[37] (Emphasis added.)

[38] *See* 62 Fed. Reg. at 46005 (emphasis added).

[39] *Id.* (emphasis added).  *See also* 66 Fed. Reg. at 3984 ("[F]or primary care and obstetrics and gynecology residents
and nonprimary care residents, respectively, will be reduced *in the same **proportion*** that the number of these FTE
residents for that cost reporting period exceeds the unweighted FTE count in the cap.  The ***proportional reduction*** is
calculated *for primary care **and** obstetrics and gynecology residents and nonprimary care residents separately....*"
(Emphasis added.)).

[40] Two alternative ways to express the algebraic principle of equivalent functions include:
　　　　If a/b = c/d, then c = (a x d) / b ; and
　　　　If a/b = c/d, then c = (a/b) x d.

[41] Note that, in using equivalent ratios, the key is the relationship of the ratios.  As such, the relation between the
ratios does not change if they are flipped.  For example, if these ratios are flipped,  then the initial equation becomes
the FY's  Weighted FTE Count (variable d) over the Weighted FTE Cap (variable c) equals the FY's Unweighted
FTE Count (variable b) over the Unweighted FTE Cap (variable a).  The unknown variable is still "c" and you
would get the same results where rule would then be:  If b/a = d/c, then c = (a/b) x d.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 13

$$\frac{Weighted\ FTE\ Cap\ (c)}{FY's\ Weighted\ FTE\ Count\ (d)} = \frac{Unweighted\ FTE\ Cap\ (a)}{FY's\ Unweighted\ FTE\ Count\ (b)}$$

The unknown Weighted FTE Cap (variable "c") is then determined by a/b x d.  In other words, the unknown Weighted FTE Cap is determined by the following equation:

$$\boldsymbol{Weighted\ FTE\ cap} = \frac{Unweighted\ FTE\ Cap}{FY's\ Unweighted\ FTE\ Count} \times FY's\ Weighted\ FTE\ Count$$

This equation is clearly stated in the preambles to both the FYs 1998 and 2002 IPPS Final Rules as previously quoted.

Based on the above, the Board finds that 42 C.F.R. § 413.79(c)(2)(iii) does set forth the equation being challenged and, accordingly, that the Providers are challenging the validity of § 413.79(c)(2)(iii).  Since 42 C.F.R. § 405.1867 requires that the Board comply with the requirements of the statute and regulations, the Board lacks the authority to eliminate the regulatory provision that creates the alleged penalty in § 413.79(c)(2)(iii) which is the remedy the Providers are seeking.  Consequently, EJR is appropriate for the issue under dispute in these cases.

Board's Decision Regarding the EJR Request

The Board finds that:

1) It has jurisdiction over the matter for the subject years and that the participants in these appeals are entitled to a hearing before the Board;

2) Based upon the participants' assertions regarding 42 C.F.R. § 413.79(c)(2)(iii), there are no findings of fact for resolution by the Board;

3) It is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) It is without the authority to decide the legal question of whether 42 C.F.R. § 413.79(c)(2)(iii) is valid.

Accordingly, the Board finds that the question of the validity of 42 C.F.R. § 413.79(c)(2)(iii) properly falls within the provisions of 42 U.S.C. § 1395oo(f)(1) and hereby grants the Providers' request for EJR for the issue and the subject years.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 14


The Providers have 60 days from the receipt of this decision to institute the appropriate action for judicial review.  Since this is the only issue under dispute in these cases, the Board hereby closes those cases.


Board Members Participating:

Clayton J. Nix, Esq.
Charlotte F. Benson, CPA
Gregory H. Ziegler, CPA, CPC-A
Robert A. Everts, Esq.
Susan A. Turner, Esq.

FOR THE BOARD:

7/23/2019



X Clayton J. Nix

Clayton J. Nix, Esq.
Chair
Signed by: Clayton J. Nix -A

Enclosures: Schedules of Providers

cc: Byron Lamprecht, WPS (Electronic Mail w/ Schedules of Providers)
    Judith Cummings, CGS (Electronic Mail w/ Schedules of Providers)
    Laurie Polston, NGS (Electronic Mail w/ Schedules of Providers)
    Pam VanArsdale, NGS (Electronic Mail w/ Schedules of Providers)
    Danene Hartley, NGS (Electronic Mail w/ Schedules of Providers)
    Wilson Leong, FSS (Electronic Mail w/ Schedules of Providers)

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 15

# Appendix I -- List of Cases

*Filed May 14, 2019*

| | |
|---|---|
| 18-0338GC | Beaumont Health 2013 DGME Fellows Group |
| 18-0337GC | Beaumont Health 2013 DGME Prior and Penultimate Years Fellows Group |
| 18-1058GC | Beaumont Health 2014 DGME Fellows Group |
| 18-1068GC | Beaumont Health 2014 DGME Prior and Penultimate Years Fellows Group |
| 17-1289GC | Cleveland Clinic 2014 DGME Fellows Group |
| 18-0022GC | Cleveland Clinic 2014 DGME Prior and Penultimate Years Fellows Group |
| 18-0567G | K&S 2007-2010 Fellows Group |
| 18-0705G | K&S 2007-2010 DGME Prior and Penultimate Years Fellows Group |
| 18-0506GC | Mount Sinai Health System 2011 DGME Fellows Group |
| 18-0502GC | Mount Sinai Health System 2011 DGME Prior and Penultimate Years Fellows |

*Filed May 21, 2019*

| | |
|---|---|
| 17-1685GC | Cleveland Clinic 2015 DGME Fellows - Present Year CIRP Group |
| 18-0224G | K&S 2011-2013 DGME Fellows Group |
| 18-0225G | K&S 2011-2013 DGME Fellows Prior and Penultimate Years Group |
| 18-0837GC | Duke 2014 DGME Fellows CIRP Group |
| 18-0838GC | Duke 2014 DGME Fellows Prior and Penultimate Years CIRP Group |
| 19-1770GC | Cleveland Clinic Fdn. CY 2015 DGME Fellows - Prior & Penultimate Years Group |
| 19-1901G | King & Spalding CY 2012 DGME Fellow Penalty Prior and Penultimate Years (II) |
| 19-1902G | King & Spalding CY 2012 DGME Fellow Penalty Present Year Group |
| 19-1903G | King & Spalding CY 2011 DGME Fellow Penalty Prior and Penultimate Years (II) Group |
| 19-1904G | King & Spalding CY 2011 DGME Fellow Penalty Present Year (II) Group |

*Filed May 29, 2019*

| | |
|---|---|
| 18-0226G | K&S 2015 DGME Fellows Group |
| 18-0227G | K&S 2015 DGME Fellows Prior and Penultimate Years Group |
| 18-0246G | K & S 2014 DGME Fellows Group |
| 18-0247G | K & S 2014 DGME Fellows Prior and Penultimate Years Group |
| 18-0806GC | Carolinas HealthCare System 2013 DGME Fellows CIRP Group |
| 18-0807GC | Carolinas HealthCare System 2013 DGME Fellows Prior and Penultimate Years |
| 19-1535G | King & Spalding CY 2013 DGME Fellow Penalty Present Year (II) Group |
| 19-1536G | King & Spalding CY 2013 DGME Fellow Penalty Prior and Penultimate Years (II) |
| 19-1948G | King & Spalding CY 2015 DGME Fellow Penalty Present Year (II) Group |
| 19-1949G | King & Spalding CY 2015 DGME Fellow Penalty Prior and Penultimate Years (II) |

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 16

# May 14, 2019 EJR Request

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 17

**RECEIVED**
**MAY 1 4 2019**

Schedule of Providers in Group

Group Name: Beaumont Health 2013 DGME Fellows CIRP Group          Page No. 1   of 1

Representative  King & Spalding                                   **PRRB**

Case No:  18-0338GC          Date Prepared   4/25/2019

Issue:  Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and Impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1  23-0020 | Beaumont Hospital - Dearborn (Dearborn, Wayne, MI) | Wisconsin Physicians Service (J8) | 12/31/2013 | 12/5/2017 | 6/1/2018 | 178 | 6, 7 | $137533 | Direct Add | 6/1/2018 |
| 2  23-0130 | Beaumont Hospital - Royal Oak (Royal Oak, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2013 | 9/28/2017 | 12/14/2017 | 77 | 4, 5 | $460962 | Direct Add | 12/14/2017 |
| 3  23-0151 | Beaumont Hospital - Farmington Hills (Farmington Hills, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2013 | 8/15/2017 | 12/14/2017 | 121 | 39 | $102071 | Direct Add | 12/14/2017 |

Total Amount of Reimbursement:   $700566

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 18

RECEIVED
MAY 1 4 2019
PRRB

### Schedule of Providers in Group

Group Name: Beaumont Health 2013 DGME Fellows Prior and Penultimate Years CIRP Group     Page No. 1 of 1

Representative: King & Spalding     Date Prepared 4/25/2019

Case No: 18-0337GC

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 23-0020 | Beaumont Hospital - Dearborn (Dearborn, Wayne, MI) | Wisconsin Physicians Service (J8) | 12/31/2013 | 12/5/2017 | 6/1/2018 | 178 | 6, 7 | $155429 | Direct Add | 6/1/2018 |
| 2 23-0130 | Beaumont Hospital - Royal Oak (Royal Oak, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2013 | 9/28/2017 | 12/14/2017 | 77 | 4, 5 | $1018584 | Direct Add | 12/14/2017 |
| 3 23-0151 | Beaumont Hospital - Farmington Hills (Farmington Hills, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2013 | 8/15/2017 | 12/14/2017 | 121 | 39 | $225553 | Direct Add | 12/14/2017 |

Total Amount of Reimbursement: $1399567

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 19

Schedule of Providers in Group

Group Name: Beaumont Health 2014 DGME Fellows CIRP Group

Representative King & Spalding

Case No: 18-1058GC

**RECEIVED**

**MAY 1 4 2019**

**PRRB**

Page No. 1 of 1

Date Prepared 4/25/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 23-0020 | Beaumont Hospital - Dearborn (Dearborn, Wayne, MI) | Wisconsin Physicians Service (J8) | 12/31/2014 | 10/25/2018 | 4/18/2019 | 175 | 9, 10, 44, 45 | $141434 | Direct Add | 4/18/2019 |
| 2 23-0130 | Beaumont Hospital - Royal Oak (Royal Oak, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2014 | 12/6/2018 | 4/18/2019 | 133 | 5, 6, 48, 49, 51 | $408529 | Direct Add | 4/18/2019 |
| 3 23-0151 | Beaumont Hospital - Farmington Hills (Farmington Hills, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2014 | 9/10/2018 | 3/14/2019 | 185 | 5, 46, 49 | $86258 | Direct Add | 3/14/2019 |
| 4 23-0269 | Beaumont Hospital - Troy (Troy, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2014 | 9/12/2017 | 3/12/2018 | 181 | 2, 3 | $7408 | Direct Add | 3/12/2018 |

Total Amount of Reimbursement: $643629

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 20

RECEIVED

MAY 1 4 2019

Schedule of Providers in Group

| Group Name: | Beaumont Health 2014 DGME Fellows Prior and Penultimate Years CIRP Group | Page No. 1 of 1 | PRRB |

Representative   King & Spalding                     Date Prepared   4/25/2019

Case No:   18-1068GC

Issue:   Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" that is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1  23-0020 | Beaumont Hospital - Dearborn (Dearborn, Wayne, MI) | Wisconsin Physicians Service (J8) | 12/31/2014 | 10/25/2018 | 4/18/2019 | 175 | 9, 10, 44, 45 | $248129 | Direct Add | 4/18/2019 |
| 2  23-0130 | Beaumont Hospital - Royal Oak (Royal Oak, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2014 | 12/6/2018 | 4/18/2019 | 133 | 5, 6, 48, 49, 51 | $986157 | Direct Add | 4/18/2019 |
| 3  23-0151 | Beaumont Hospital - Farmington Hills (Farmington Hills, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2014 | 9/10/2018 | 3/14/2019 | 185 | 5, 46, 49 | $230512 | Direct Add | 3/14/2019 |
| 4  23-0269 | Beaumont Hospital - Troy (Troy, Oakland, MI) | Wisconsin Physicians Service (J8) | 12/31/2014 | 9/12/2017 | 3/12/2018 | 181 | 2, 3 | $38827 | Direct Add | 3/12/2018 |

Total Amount of Reimbursement:   $1503625

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 21

RECEIVED

MAY 1 4 2019

PRRB

### Schedule of Providers in Group

Group Name:  Cleveland Clinic 2014 DGME Fellows CIRP Group

Representative  King & Spalding

Case No:  17-1289GC

Page No.  1  of  2

Date Prepared  4/24/2019

Issue:  Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 10-0289 | Weston Hospital (Weston, Broward, FL) | Wisconsin Physicians Service-J5 | 12/31/2014 | 9/20/2017 [1] | 9/25/2017 | 5 | N/A | $367172 | Direct Add | 9/25/2017 |
| 2 36-0027 | Akron General Medical Center (Akron, Summit, OH) | CGS Administrators - J15 | 12/31/2014 | 5/24/2017 | 11/21/2017 | 181 | N/A | $29945 | Direct Add | 11/21/2017 |
| 3 36-0027 | Akron General Medical Center (Akron, Summit, OH) | CGS Administrators - J15 | 12/31/2014 | 1/22/2017 [1] | 3/8/2017 | 45 | N/A | $29945 | Direct Add | 3/8/2017 |
| 4 36-0077 | Fairview Hospital (Cleveland, Cuyahoga, OH) | CGS Administrators - J15 | 12/31/2014 | 1/18/2017 | 5/11/2017 | 113 | 23, 24 | $11945 | Direct Add | 5/11/2017 |
| 5 36-0144 | South Pointe Hospital (Warrensville Heights, Cuyahoga, OH) | CGS Administrators - J15 | 12/31/2014 | 5/10/2017 | 9/25/2017 | 138 | 28 | $11276 | Direct Add | 9/25/2017 |

[1] This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 22



### Schedule of Providers in Group

Group Name: Cleveland Clinic 2014 DGME Fellows CIRP Group

Representative King & Spalding

Case No: 17-1289GC

Page No. 2 of 2

Date Prepared 4/24/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 36-0180 | Cleveland Clinic Hospital (Cleveland, Cuyahoga, OH) | CGS Administrators – J15 | 12/31/2014 | 4/19/2017 | 5/11/2017 | 22 | 47, 48 | $897013 | Direct Add | 5/11/2017 |
| 7 36-0230 | Hillcrest Hospital (Mayfield Heights, Cuyahoga, OH) | CGS Administrators – J15 | 12/31/2014 | 8/23/2017 | 9/25/2017 | 33 | N/A | $16210 | Direct Add | 9/25/2017 |
| 8 10-0289 | Weston Hospital (Weston, Broward, FL) | Wisconsin Physicians Service- J5 | 12/31/2014 | 3/28/2018 | 9/24/2018 | 180 | 8, 13,14 15 | $367172 | Direct Add | 9/24/2018 |

Total Amount of Reimbursement: $1730680

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 23

RECEIVED

MAY 1 4 2019

Schedule of Providers in Group

Group Name: Cleveland Clinic 2014 DGME Fellows Prior and Penultimate Years CIRP Group

Page No. 1 of 2   **PRRB**

Representative   King & Spalding

Date Prepared   4/24/2019

Case No:   18-0022GC

Issue:   Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1  10-0289 | Weston Hospital (Weston, Broward, FL) | Wisconsin Physicians Service - J5 | 12/31/2014 | 9/20/2017[1] | 10/17/2017 | 27 | N/A | $491043 | Direct Add | 10/17/2017 |
| 2  36-0027 | Akron General Medical Center (Akron, Summit, OH) | CGS Administrators - J15 | 12/31/2014 | 5/24/2017 | 11/21/2017 | 181 | N/A | $66624 | Direct Add | 11/21/2017 |
| 3  36-0027 | Akron General Medical Center (Akron, Summit, OH) | CGS Administrators - J15 | 12/31/2014 | 1/22/2017[1] | 7/17/2017 | 176 | N/A | $66624 | Direct Add | 7/17/2017 |
| 4  36-0077 | Fairview Hospital (Cleveland, Cuyahoga, OH) | CGS Administrators - J15 | 12/31/2014 | 1/18/2017 | 7/17/2017 | 180 | 23, 24 | $31251 | Direct Add | 7/17/2017 |
| 5  36-0144 | South Pointe Hospital (Warrensville Heights, Cuyahoga, OH) | CGS Administrators - J15 | 12/31/2014 | 5/10/2017 | 10/17/2017 | 160 | 28 | $47013 | Direct Add | 10/17/2017 |

[1] This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file an appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 24

## Schedule of Providers in Group

Group Name: Cleveland Clinic 2014 DGME Fellows Prior and Penultimate Years CIRP Group

Page No. 2 of 2

Representative: King & Spalding

Date Prepared 4/24/2019

Case No: 18-0022GC

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CBPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 6  36-0180 | Cleveland Clinic Hospital (Cleveland, Cuyahoga, OH) | CGS Administrators - J15 | 12/31/2014 | 4/19/2017 | 7/17/2017 | 89 | 47, 48 | $1701322 | Direct Add | 7/17/2017 |
| 7  36-0230 | Hillcrest Hospital (Mayfield Heights, Cuyahoga, OH) | CGS Administrators - J15 | 12/31/2014 | 8/23/2017 | 10/17/2017 | 55 | N/A | $35487 | Direct Add | 10/17/2017 |
| 8  10-0289 | Weston Hospital (Weston, Broward, FL | Wisconsin Physicians Service - J5 | 12/31/2014 | 3/28/2018 | 9/24/2018 | 180 | 8, 13, 14 15 | $653737 | Direct Add | 9/24/2018 |

Total Amount of Reimbursement:   $3093101

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 25

Volume 1 of 2

RECEIVED

MAY 0 1 2019

PRRB

Schedule of Providers in Group

Group Name:   K&S 2005, 2007-2010 DGME Fellows Group
Representative   King & Spalding
Case No:   18-0567G

Page No.   1   of   4
Date Prepared   4/19/2019

Issue:   Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1  10-0113 | Shands at the University of Florida (Gainesville, Alachua, FL) | First Coast Service Options (JN) | 6/30/2007 | 8/7/2017 | 2/2/2018 4/4/2018* | 179 | 62, 63 | $252927 | 18-0808 | 9/28/2018 |
| 2  10-0113 | Shands at the University of Florida (Gainesville, Alachua, FL) | First Coast Service Options (JN) | 6/30/2008 | 12/6/2017 | 6/1/2018 | 177 | 60, 61, 62, 63 | $510482 | 18-1343 | :/14/2019 |
| 3  10-0128 | Tampa General Hospital (Tampa, Hillsborough, FL) | First Coast Service Options (JN) | 9/30/2007 | 8/18/2017 | 2/14/2018 4/13/2018* | 180 | 73, 74 | $153201 | 18-0857 | 4/19/2018 |
| 4  10-0128 | Tampa General Hospital (Tampa, Hillsborough, FL) | First Coast Service Options (JN) | 9/30/2008 | 11/8/2017 | 4/17/2018 | 160 | 30, 53 | $201535 | Direct Add | 4/17/2018 |
| 5  33-0046 | Mount Sinai St. Luke's Roosevelt Hospital (New York, New York, NY) | National Government Services - NY (JK) | 12/31/2007 | 5/4/2016 | 10/26/2016 | 175 | 37 | $273431 | 17-0286 | 1/23/2018 |

*This is the date the Provider requested to add the issue to its individual appeal pursuant to 42 C.F.R. § 405.1 835(e).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 26



### Schedule of Providers in Group

Group Name: K&S 2005, 2007-2010 DGME Fellows Group

Representative: King & Spalding

Case No: 18-0567G

Page No. 2 of 4

Date Prepared 4/19/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| | Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 33-0046 | Mount Sinai St. Luke's Roosevelt Hospital (New York, New York, NY) | National Government Services - NY (JK) | 12/31/2008 | 10/26/2016 | 4/21/2017 | 177 | 32, 52, 53 | $306289 | 17-1376 | 1/23/2018 |
| 7 | 33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - NY (JK) | 12/31/2009 | 2/27/2017^ | 5/30/2017 | 92 | N/A | $343280 | 17-1561 | 1/23/2018 |
| 8 | 33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - NY (JK) | 12/31/2010 | 4/16/2017^ | 5/30/2017 | 44 | N/A | $282376 | 17-1563 | 1/23/2018 |
| 9 | 33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2005 | 6/22/2017 | 9/8/2017 | 78 | 71, 72, 73, 74, 75, 76, 77 | $280390 | 17-2193 | 4/3/2018 |
| 10 | 33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2006 | 11/13/2017 | 4/19/2018 | 157 | 28, 60 | $297701 | Direct Add | 4/19/2018 |

^This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file an appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 27

Schedule of Providers in Group

Group Name: K&S 2005, 2007-2010 DGME Fellows Group

Representative: King & Spalding

Case No: 18-0567G

Page No. 3 of 4

Date Prepared 4/19/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 11 34-0030 | Duke University Hospital (Durham, Durham, NC) | Palmetto GBA (JM) | 6/30/2007 | 6/17/2016 | 12/14/2016 | 180 | 79, 82 | $229631 | 17-0614 | 1/23/2018 |
| 12 42-0004 | Medical University Hospital Authority (Charleston, Charleston, SC) | Palmetto GBA (JM) | 6/30/2010 | 6/30/2017 | 12/22/2017 2/23/2018* | 175 | 35 | $318559 | 18-0437 | 3/7/2018 |
| 13 49-0009 | University of Virginia Medical Center (Charlottesville, Charlottesville City, VA) | Palmetto GBA (JM) | 6/30/2010 | 12/28/2018 | 1/4/2019 | 7 | 60, 61 | $548612 | Direct Add | 1/4/2019 |
| 14 49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2005 | 6/4/2018 | 12/3/2018 | 182 | 54 | $207362 | Direct Add | 12/3/2018 |

*This is the date the Provider requested to add the issue to its individual appeal pursuant to 42 C.F.R. § 405. I 835(e).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 28

Schedule of Providers in Group

Group Name: K&S 2005, 2007-2010 DGME Fellows Group

Page No. 4 of 4

Representative King & Spalding

Date Prepared 4/19/2019

Case No: 18-0567G

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 15 49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2006 | 12/3/2018 | 1/23/2019 | 51 | 58, 59 | $211093 | Direct Add | 1/23/2019 |

Total Amount of Reimbursement: $4416869

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 29

Volume 1 of 2

Schedule of Providers in Group

RECEIVED

MAY 0 1 2019

PRRB

Group Name: K&S 2005, 2007-2010 DGME Fellows Prior and Penultimate Years Group

Representative King & Spalding

Case No: 18-0705G

Page No. 1 of 3

Date Prepared 4/19/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 10-0113 | Shands at the University of Florida (Gainesville, Alachua, FL) | First Coast Service Options (JN) | 6/30/2007 | 8/7/2017 | 2/2/2018 4/4/2018* | 179 | 62, 63 | $483393 | 18-0808 | 9/28/2018 |
| 2 10-0113 | Shands at the University of Florida (Gainesville, Alachua, FL) | First Coast Service Options (JN) | 6/30/2008 | 12/6/2017 | 6/1/2018 | 177 | 60, 61, 62, 63 | $503328 | 18-1343 | 1/14/2019 |
| 3 10-0128 | Tampa General Hospital (Tampa, Hillsborough, FL) | First Coast Service Options (JN) | 9/30/2007 | 8/18/2017 | 2/14/2018 4/13/2018* | 180 | 73, 74 | $298200 | 18-0857 | 4/19/2018 |
| 4 10-0128 | Tampa General Hospital (Tampa, Hillsborough, FL) | First Coast Service Options (JN) | 9/30/2008 | 11/8/2017 | 4/17/2018 | 160 | 30, 53 | $341035 | Direct Add | 4/17/2018 |
| 5 33-0046 | Mount Sinai St. Luke's Roosevelt Hospital (New York, New York, NY) | National Government Services - NY (JK) | 12/31/2007 | 5/4/2016 | 10/26/2016 | 175 | 37 | $150871 | 17-0286 | 1/23/2018 |

*This is the date the Provider requested to add the issue to its individual appeal pursuant to 42 C.F.R. § 405.1835(e).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 30



Schedule of Providers in Group

Group Name: __K&S 2005, 2007-2010 DGME Fellows Prior and Penultimate Years Group__   Page No. _2_ of _3_

Representative __King & Spalding__   Date Prepared   __4/19/2019__

Case No:   __18-0705G__   Issue:   __Whether CMS's policy of calculating DGME payments for__
__hospitals that are operating above their FTE caps and are training__
__"fellows" is unlawful as it applies to the prior and penultimate__
__years.__

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 6  33-0046 | Mount Sinai St. Luke's Roosevelt Hospital (New York, New York, NY) | National Government Services - NY (JK) | 12/31/2008 | 10/26/2016 | 4/21/2017 | 177 | 32, 52, 53 | $398014 | 17-1376 | 1/23/2018 |
| 7  33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - NY (JK) | 12/31/2009 | 2/27/2017^ | 5/30/2017 | 92 | N/A | $609250 | 17-1561 | 1/23/2018 |
| 8  33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - NY (JK) | 12/31/2010 | 4/16/2017^ | 5/30/2017 | 44 | N/A | $658683 | 17-1563 | 1/23/2018 |
| 9  33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2005 | 6/22/2017 | 9/8/2017 | 78 | 71, 72, 73, 74, 75, 76, 77 | $420414 | 17-2193 | 4/3/2018 |
| 10  33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2006 | 11/13/2017 | 4/19/2018 | 157 | 28, 60 | $506554 | Direct Add | 4/19/2018 |

^This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file an appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 31

Schedule of Providers in Group

Group Name:   K&S 2005, 2007-2010 DGME Fellows Prior and Penultimate Years Group     Page No. 3 of 3

Representative   King & Spalding                                                     Date Prepared   4/19/2019

Case No:   18-0705G                    Issue:   Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 11 42-0004 | Medical University Hospital Authority (Charleston, Charleston, SC) | Palmetto GBA (JM) | 6/30/2010 | 6/30/2017 | 12/22/2017 2/23/2018* | 175 | 35 | $485189 | 18-0437 | 3/7/2018 |
| 12 49-0009 | University of Virginia Medical Center (Charlottesville, Charlottesville City, VA) | Palmetto GBA (JM) | 6/30/2010 | 12/28/2018 | 1/4/2019 | 7 | 60, 61 | $1135134 | Direct Add | 1/4/2019 |
| 13 49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2005 | 6/4/2018 | 12/3/2018 | 182 | 54 | $208724 | Direct Add | 12/3/2018 |
| 14 49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2006 | 12/3/2018 | 1/23/2019 | 51 | 58, 59 | $357225 | Direct Add | 1/23/2019 |

Total Amount of Reimbursement:   $6556014

*This is the date the Provider requested to add the issue to its individual appeal pursuant to 42 C.F.R. § 405, I 835(e).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 32

RECEIVED

MAY 1 4 2019

PRRB

### Schedule of Providers in Group

| | |
|---|---|
| Group Name: | Mount Sinai Health System 2011 DGME Fellows CIRP Group |
| Representative | King & Spalding |
| Case No: | 18-0506GC |

Page No. 1 of 1
Date Prepared 5/2/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | FYE | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 33-0024 | The Mount Sinai Medical Center (New York, New York, NY) | National Government Services - JK | 12/31/2011 | 1/18/2017 | 5/30/2017 | 132 | 60, 62, 64 | $55099 | 17-1559 | 1/16/2018 |
| 2 33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - JK | 12/31/2011 | 1/26/2018* | 4/2/2018 | 66 | N/A | $373140 | Direct Add | 4/2/2018 |
| 3 33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - JK | 12/31/2011 | 1/10/2019 | 5/1/2019 | 111 | 24, 25, 26 | $373140 | Direct Add | 5/1/2019 |

Total Amount of Reimbursement: $801378

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 33

**RECEIVED**

**MAY 1 4 2019**

Schedule of Providers in Group

Group Name:  Mount Sinai Health System 2011 DGME Fellows Prior and Penultimate Years CIRP Group

Page No.  1   of  1

**PRRB**

Representative  King & Spalding

Case No:  18-0502GC

Date Prepared   5/2/2019

Issue:  Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | FYE | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 33-0024 | The Mount Sinai Medical Center (New York, New York, NY) | National Government Services - JK | 12/31/2011 | 1/18/2017 | 5/30/2017 | 132 | 60, 62, 64 | $168898 | 17-1559 | 1/16/2018 |
| 2 33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - JK | 12/31/2011 | 1/26/2018* | 4/2/2018 | 66 | N/A | $665498 | Direct Add | 4/2/2018 |
| 3 33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - JK | 12/31/2011 | 1/10/2019 | 5/1/2019 | 111 | 24, 25, 26 | $665498 | Direct Add | 5/1/2019 |

Total Amount of Reimbursement:   $1499894

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 34

# May 21, 2019 EJR Request

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 35

Schedule of Providers in Group

RECEIVED

MAY 2 1 2019

PRRB

Group Name: Cleveland Clinic 2015 DGME Fellows  - Present Year CIRP Group          Page No.  1  of  2

Representative  King & Spalding                                                   Date Prepared  5/7/2019

Case No:  17-1685GC                          Issue:  Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 10-0289 | Weston Hospital (Weston, Broward, FL) | Wisconsin Physicians Service (J5) | 12/31/2015 | 6/6/2018 | 12/3/2018 | 180 | 11, 24, 25 | $108308 | Direct Add | 12/3/2018 |
| 2 10-0289 | Weston Hospital (Weston, Broward, FL) | Wisconsin Physicians Service (J5) | 12/31/2015 | 10/19/2017* | 10/23/2017 | 4 | N/A | $108308 | Direct Add | 10/23/2017 |
| 3 36-0027 | Akron General Medical Center (Akron, Summit, OH) | CGS Administrators (J15) | 12/31/2015 | 2/28/2018 | 8/27/2018 | 180 | 37 | $29058 | Direct Add | 8/27/2018 |
| 4 36-0077 | Fairview Hospital (Cleveland, Cuyahoga, OH) | CGS Administrators (J15) | 12/31/2015 | 8/23/2017 | 2/14/2018 | 175 | 12, 26 | $7401 | Direct Add | 2/14/2018 |
| 5 36-0144 | South Pointe Hospital (Warrensville Heights, Cuyahoga, OH) | CGS Administrators (J15) | 12/31/2015 | 8/15/2018 | 2/8/2019 | 177 | 13 | $13178 | Direct Add | 2/8/2019 |

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 36



### Schedule of Providers in Group

| Group Name: | Cleveland Clinic 2015 DGME Fellows  - Present Year CIRP Group | | Page No. 2 of 2 |
| Representative | King & Spalding | | Date Prepared 5/7/2019 |
| Case No: | 17-1685GC | | Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful. |

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 36-0180 | The Cleveland Clinic (Cleveland, Cuyahoga, OH) | CGS Administrators (J15) | | 12/31/2015 | 8/7/2017 | 2/5/2018 | 182 | 46, 82, 84 | $846039 | Direct Add | 2/5/2018 |
| 7 36-0230 | Hillcrest Hospital (Mayfield Heights, Cuyahoga, OH) | CGS Administrators (J15) | | 12/31/2015 | 8/22/2018 | 2/19/2019 | 181 | 15 | $15337 | Direct Add | 2/19/2019 |

Total Amount of Reimbursement:   $1127630

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 37

RECEIVED

MAR 0 4 2019

PRRB

### Schedule of Providers in Group

Group Name: K&S 2011-2013 DGME Fellows Group

Representative: King & Spalding

Case No: 18-0224G

Page No. 1 of 2

Date Prepared 2/19/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add'/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 16-0058 | University of Iowa Hospitals and Clinics (Iowa City, Johnson, IA) | Wisconsin Physicians Service (J5) | | 6/30/2013 | 6/8/2017 | 7/21/2017 | 43 | 42 | $407380 | 17-1896 | 11/16/2017 |
| 2 19-0036 | Ochsner Medical Center (Jefferson, Jefferson, LA) | Novitas Solutions, Inc. (JH) | | 12/31/2013 | 6/9/2017 | 11/16/2017 | 160 | 53 | $158449 | Direct Add | 11/16/2017 |
| 3 33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - NY (JK) | | 12/31/2012 | 3/17/2018* | 4/2/2018 | 16 | N/A | $354842 | Direct Add | 4/2/2018 |
| 4 33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | | 12/31/2011 | 11/5/2016* | 3/3/2017 | 118 | N/A | $962828 | 17-1162 | 11/16/2017 |
| 5 33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | | 12/31/2012 | 12/25/2016* | 3/3/2017 | 68 | N/A | $1045533 | 17-1164 | 11/16/2017 |

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file an appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 38

Schedule of Providers in Group

| Group Name: | K&S 2011-2013 DGME Fellows Group | | Page No. | 2 | of | 2 |
|---|---|---|---|---|---|---|
| Representative | King & Spalding | | Date Prepared | 2/19/2019 | | |
| Case No: | 18-0224G | | Issue: | Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful. | | |

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 6  33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2013 | 12/25/2016* | 3/3/2017 | 68 | N/A | $1245544 | 17-1163 | 11/16/2017 |
| 7  49-0009 | University of Virginia Medical Center (Charlottesville, Charlottesville City, VA) | Palmetto GBA (JM) | 6/30/2011 | 12/28/2018 | 1/2/2019 | 5 | 48, 59, 50 | $586088 | Direct Add | 1/2/2019 |
| 8  49-0009 | University of Virginia Medical Center (Charlottesville, Charlottesville City, VA) | Palmetto GBA (JM) | 6/30/2012 | 12/28/2018 | 1/2/2019 | 5 | 53, 54, 55 | $622062 | Direct Add | 1/2/2019 |

Total Amount of Reimbursement:   $5382726

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file an appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 39

**Schedule of Providers in Group**

RECEIVED
MAR 0 4 2019
PRRB

Group Name: K&S 2011-2013 DGME Fellows Prior and Penultimate Years Group

Page No. 1 of 2

Representative: King & Spalding

Date Prepared: 2/19/2019

Case No: 18-0225G

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and training "fellows" is unlawful as it applies to the prior and penultimate years.

| | Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 16-0058 | University of Iowa Hospitals and Clinics (Iowa City, Johnson, IA) | Wisconsin Physicians Service (J5) | 6/30/2013 | 6/8/2017 | 7/21/2017 | 43 | 42 | $775249 | 17-1896 | 11/16/2017 |
| 2 | 19-0036 | Ochsner Medical Center (Jefferson, Jefferson, LA) | Novitas Solutions, Inc. (JH) | 12/31/2013 | 6/9/2017 | 11/16/2017 | 160 | 53 | $226767 | Direct Add | 11/16/2017 |
| 3 | 33-0046 | Mount Sinai St. Luke's (New York, New York, NY) | National Government Services - NY (JK) | 12/31/2012 | 3/17/2018[1] | 4/2/2018 | 16 | N/A | $696843 | Direct Add | 4/2/2018 |
| 4 | 33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2011 | 11/5/2016[1] | 3/3/2017 4/26/2017[2] | 118 | N/A | $1434696 | 17-1162 | 11/16/2017 |
| 5 | 33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2012 | 12/25/2016[1] | 3/3/2017 4/26/2017[2] | 68 | N/A | $1850038 | 17-1164 | 11/16/2017 |

[1] This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file an appeal on that basis.
[2] This is the date the Provider requested to add the issue to its individual appeal pursuant to 42 C.F.R. § 405.1835(e).



EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 40

### Schedule of Providers in Group

Group Name: K&S 2011-2013 DGME Fellows Prior and Penultimate Years Group

Representative: King & Spalding

Case No: 18-0225G

Page No. 2 of 2

Date Prepared 2/19/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2013 | 12/25/2016 [1] | 3/3/2017 4/26/2017 [2] | 68 | N/A | $2103746 | 17-1163 | 11/16/2017 |
| 7 49-0009 | University of Virginia Medical Center (Charlottesville, Charlottesville City, VA) | Palmetto GBA (JM) | 6/30/2011 | 12/28/2018 | 1/2/2019 | 5 | 48, 49, 50 | $1167239 | Direct Add | 1/2/2019 |
| 8 49-0009 | University of Virginia Medical Center (Charlottesville, Charlottesville City, VA) | Palmetto GBA (JM) | 6/30/2012 | 12/28/2018 | 1/2/2019 | 5 | 53, 54, 55 | $1237086 | Direct Add | 1/2/2019 |
| 9 49-0024 | Carilion Medical Center (Roanoke, Roanoke, VA) | Palmetto GBA (JM) | 9/30/2013 | 3/4/2018 [1] | 5/9/2018 | 66 | N/A | $214046 | Direct Add | 5/9/2018 |

Total Amount of Reimbursement: $9705709

[1] This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file an appeal on that basis.

[2] This is the date the Provider requested to add the issue to its individual appeal pursuant to 42 C.F.R. § 405.1835(e).

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 41

Schedule of Providers in Group

RECEIVED
MAY 21 2018
PRRB

Group Name: Duke 2014 DGME Fellows CIRP Group

Representative King & Spalding

Case No: 18-0837GC

Page No. 1 of 1

Date Prepared 5/16/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 34-0030 | Duke University Hospital (Durham, Durham, NC) | Palmetto GBA (JM) | 6/30/2014 | 1/27/2018* | 2/5/2018 | 9 | N/A | $409968 | Direct Add | 2/5/2018 |
| 2 34-0155 | Duke Regional Hospital (Durham, Durham, NC) | Palmetto GBA (JM) | 6/30/2014 | 1/25/2018* | 2/5/2018 | 11 | N/A | $15406 | Direct Add | 2/5/2018 |

Total Amount of Reimbursement: $425374

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 42

RECEIVED
MAY 21 2019
PRRB

**Schedule of Providers in Group**

Group Name: Duke 2014 DGME Fellows Prior & Penultimate Years CIRP Group     Page No. 1 of 1

Representative King & Spalding     Date Prepared 5/16/2019

Case No: 18-0338GC     Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 34-0030 | Duke University Hospital (Durham, Durham, NC) | Palmetto GBA (JM) | 6/30/2014 | 1/27/2018* | 2/5/2018 | 9 | N/A | $889137 | Direct Add | 2/5/2018 |
| 2 34-0155 | Duke Regional Hospital (Durham, Durham, NC) | Palmetto GBA (JM) | 6/30/2014 | 1/25/2018* | 2/5/2018 | 11 | N/A | $19087 | Direct Add | 2/5/2018 |

Total Amount of Reimbursement: $908224

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 43



**RECEIVED**

MAY 2 1 2019

**PRRB**

Schedule of Providers in Group

Group Name:  Cleveland Clinic Fdn. CY 2015 DGME Fellows - Prior & Penultimate     Page No.  1   of  2
                      Years  CIRP Group

Representative   King & Spalding                                              Date Prepared   5/6/2019

Case No:   19-1770GC

Issue:   Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 10-0289 | Weston Hospital (Weston, Broward, FL.) | Wisconsin Physicians Service (J5) | 12/31/2015 | 6/6/2018 | 12/3/2018 | 180 | 11, 24, 25 | $186498 | Direct Add | 12/3/2018 |
| 2 10-0289 | Weston Hospital (Weston, Broward, FL.) | Wisconsin Physicians Service (J5) | 12/31/2015 | 10/19/2017* | 10/23/2017 | 4 | N/A | $186498 | Direct Add | 10/23/2017 |
| 3 36-0027 | Akron General Medical Center (Akron, Summit, OH) | CGS Administrators (J15) | 12/31/2015 | 2/28/2018 | 8/27/2018 | 180 | 37 | $56726 | Direct Add | 8/27/2018 |
| 4 36-0077 | Fairview Hospital (Cleveland, Cuyahoga, OH) | CGS Administrators (J15) | 12/31/2015 | 8/23/2017 | 2/14/2018 | 175 | 12, 26 | $25208 | Direct Add | 2/14/2018 |
| 5 36-0144 | South Pointe Hospital (Warrensville Heights, Cuyahoga, OH) | CGS Administrators (J15) | 12/31/2015 | 8/15/2018 | 2/8/2019 | 177 | 13 | $38921 | Direct Add | 2/8/2019 |

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 44

Schedule of Providers in Group

Group Name: Cleveland Clinic Fdn. CY 2015 DGME Fellows - Prior & Penultimate Years  CIRP Group    Page No. 2 of 2

Representative  King & Spalding    Date Prepared  5/6/2019

Case No:  19-1770GC

Issue:  Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 36-0180 | The Cleveland Clinic (Cleveland, Cuyahoga, OH) | CGS Administrators (J15) | 12/31/2015 | 8/7/2017 | 2/5/2018 | 182 | 46, 82, 84 | $1737341 | Direct Add | 2/5/2018 |
| 7 36-0230 | Hillcrest Hospital (Mayfield Heights, Cuyahoga, OH) | CGS Administrators (J15) | 12/31/2015 | 8/22/2018 | 2/19/2019 | 181 | 15 | $28775 | Direct Add | 2/19/2019 |

Total Amount of Reimbursement:   $2259966

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 45

RECEIVED

MAY 2 1 2019

PRRB

Schedule of Providers in Group

Group Name: King & Spalding CY 2012 DGME Fellow Penalty Prior and Penultimate Years (II) Group

Representative  King & Spalding

Case No:  19-1901G

Page No.  1  of  1

Date Prepared  5/17/2019

Issue:  Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 34-0113 | Carolinas Medical Center (Charlotte, Mecklenburg, NC) | Palmetto GBA (JM) | 12/31/2012 | 1/8/2019 | 5/17/2019 | 129 | N/A | $185407 | Direct Add | 5/17/2019 |
| 2 42-0078 | GHS Greenville Memorial Hospital (Greenville, Greenville, SC) | Palmetto GBA (JM) | 9/30/2012 | 7/27/2018 | 1/23/2019 | 180 | 44 | $36435 | 19-0743 | 5/13/2019 |
| 3 49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2012 | 12/27/2018 | 3/27/2019 | 90 | 55, 56, 57 | $422558 | 19-1533 | 5/13/2019 |
| 4 52-0087 | Gunderson Lutheran Medical Center (La Crosse, La Crosse, WI) | National Government Services (J6) | 12/31/2012 | 11/15/2018 | 5/13/2019 | 179 | 44, 45 | $27505 | Direct Add | 5/13/2019 |

Total Amount of Reimbursement:  $671905

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 46

RECEIVED

MAY 2 1 2019

PRRB

Schedule of Providers in Group

Group Name:   King & Spalding CY 2012 DGME Fellow Penalty Present Year Group       Page No.  1   of  1

Representative   King & Spalding                                                  Date Prepared   5/17/2019

Case No:      19-1902G                    Issue:   Whether CMS's policy of calculating DGME payments for
                                                   hospitals that are operating above their FTE caps and are training
                                                   "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 34-0113 | Carolinas Medical Center (Charlotte, Mecklenburg, NC) | Palmetto GBA (JM) | 12/31/2012 | 1/8/2019 | 5/17/2019 | 129 | N/A | $112344 | Direct Add | 5/17/2019 |
| 2 42-0078 | GHS Greenville Memorial Hospital (Greenville, Greenville, SC) | Palmetto GBA (JM) | 9/30/2012 | 7/27/2018 | 1/23/2019 | 180 | 44 | $16396 | 19-0743 | 5/13/2019 |
| 3 49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2012 | 12/27/2018 | 3/27/2019 | 90 | 55, 56, 57 | $223336 | 19-1533 | 5/13/2019 |
| 4 52-0087 | Gundersen Lutheran Medical Center (La Crosse, La Crosse, WI) | National Government Services (J6) | 12/31/2012 | 11/15/2018 | 5/13/2019 | 179 | 44, 45 | $9739 | Direct Add | 5/13/2019 |

Total Amount of Reimbursement:   $361815

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 47

Schedule of Providers in Group

RECEIVED

MAY 2 1 2019

PRRB

| Group Name: | King & Spalding CY 2011 DGME Fellow Penalty Prior and Penultimate Years (II) Group | | | Page No. | 1 | of | 1 |

Representative   King & Spalding

Date Prepared   5/20/2019

Case No:   19-1903G

Issue:   Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1  49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2011 | 12/26/2018 | 3/27/2019 | 91 | 60, 61, 62 | $408185 | 19-1531 | 5/13/2019 |
| 2  52-0087 | Gundersen Lutheran Medical Center (La Crosse, La Crosse, WI) | National Government Services (J6) | 12/31/2011 | 11/15/2018 | 5/13/2019 | 179 | 43 | $24433 | Direct Add | 5/13/2019 |

Total Amount of Reimbursement:   $432618

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 48

Schedule of Providers in Group

RECEIVED

MAY 2 1 2019

RECEIVED

PRRB

Group Name:  King & Spalding CY 2011 DGME Fellow Penalty Present Year (II) Group

Representative  King & Spalding

Case No:  19-1904G

Page No.  1  of  1

Date Prepared  5/20/2019

Issue:  Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| | Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2011 | 12/26/2018 | 3/27/2019 | 91 | 60, 61, 62 | $208886 | 19-1531 | 5/13/2019 |
| 2 | 52-0087 | Gundersen Lutheran Medical Center (La Crosse, La Crosse, WI) | National Government Services (J6) | 12/31/2011 | 11/15/2018 | 5/13/2019 | 179 | 43 | $4605 | Direct Add | 5/13/2019 |

Total Amount of Reimbursement:  $213491

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 49

# May 29, 2019 EJR Request

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 50

RECEIVED

MAY 1 7 2019

PRRB

Revised Schedule of Providers in Group

Group Name:   K&S 2015 DGME Fellows Group

Representative   King & Spalding

Case No:   18-0226G

Page No.  1  of  1

Date Prepared   5/10/2019

Issue:   Whether CMS's policy of calculating DGME payments for
hospitals that are operating above their FTE caps and are training
"fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add.' Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 42-0004 | Medical University Hospital Authority (Charleston, Charleston, SC) | Palmetto GBA – JM | 6/30/2015 | 3/7/2018* | 3/14/2018 | 7 | N/A | $389933 | Direct Add | 3/14/2018 |
| 2 16-0058 | University of Iowa Hospitals and Clinics (Iowa City, Johnson, IA) | Wisconsin Physicians Service - J5 | 6/30/2015 | 7/13/2018 | 7/27/2018 | 14 | 6, 50 | $436658 | Direct Add | 7/27/2018 |
| 3 17-0040 | University of Kansas Hospital (Kansas City, Wyandotte, KS) | Wisconsin Physicians Service - J5 | 6/30/2015 | 7/11/2018 | 12/31/2018 | 173 | 3 | $314855 | Direct Add | 12/31/2018 |

Total Amount of Reimbursement:   $1141447

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant
to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 51

RECEIVED

MAY 1 7 2019

PRRB

## Revised Schedule of Providers in Group

Group Name:  K&S 2015 DGME Fellows Prior and Penultimate Years Group

Representative  King & Spalding

Case No:  18-0227G

Page No.  1   of  1

Date Prepared  5/10/2019

Issue:  Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1  42-0004 | Medical University Hospital Authority (Charleston, Charleston, SC) | Palmetto GBA - JM | 6/30/2015 | 3/7/2018* | 3/14/2018 | 7 | N/A | $685889 | Direct Add | 3/14/2018 |
| 2  16-0058 | University of Iowa Hospitals and Clinics (Iowa City, Johnson, IA) | Wisconsin Physicians Service - J5 | 6/30/2015 | 7/13/2018 | 7/27/2018 | 14 | 6, 50 | $836138 | Direct Add | 7/27/2018 |
| 3  17-0040 | University of Kansas Hospital (Kansas City, Wyandotte, KS) | Wisconsin Physicians Service - J5 | 6/30/2015 | 7/11/2018 | 12/31/2018 | 173 | 3 | $577124 | Direct Add | 12/31/2018 |

Total Amount of Reimbursement:  $2099151

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 52

Revised Schedule of Providers in Group

RECEIVED
MAY 1 7 2019
PRRB

Group Name:  K&S 2014 DGME Fellows Group

Representative  King & Spalding

Case No:   18-0246G

Page No. 1 of 2

Date Prepared  5/10/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add'l Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 16-0058 | University of Iowa Hospitals and Clinics (Iowa City, Johnson, IA) | Wisconsin Physicians Service (J5) | 6/30/2014 | 7/25/2017 | 11/17/2017 | 115 | 5, 42 | $421914 | Direct Add | 11/17/2017 |
| 2 17-0040 | University of Kansas Hospital (Kansas City, Wyandotte, KS) | Wisconsin Physicians Service (J5) | 6/30/2014 | 8/11/2017 | 10/11/2017 | 61 | N/A | $298733 | 18-0032 | 11/17/2017 |
| 3 19-0036 | Ochsner Medical Center (Jefferson, Jefferson, LA) | Novitas Solutions, Inc. (JH) | 12/31/2014 | 4/27/2018 | 10/10/2018 | 166 | 23, 57 | $204662 | Direct Add | 10/10/2018 |
| 4 26-0091 | SSM Health St. Mary's Hospital - St. Louis (Saint Louis, Saint Louis, MO) | Wisconsin Physicians Service (J5) | 12/31/2014 | 6/8/2017 | 9/7/2017 | 91 | 40 | $62690 | 17-2188 | 11/17/2017 |

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 53

PRRB

MAY 1 7 2019

RECEIVED

Revised Schedule of Providers in Group

Group Name:  K&S 2014 DGME Fellows Group                           Page No.  2   of  2
Representative  King & Spalding                                    Date Prepared   5/10/2019
Case No:  18-0246G                              Issue:   Whether CMS's policy of calculating DGME payments for
                                                         hospitals that are operating above their FTE caps and are training
                                                         "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 5 33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2014 | 12/16/2017* | 4/5/2018 | 110 | N/A | $1398902 | Direct Add | 4/5/2018 |
| 6 47-0003 | University of Vermont Medical Center (Burlington, Chittenden, VT) | National Government Services, Inc. (JK) | 9/30/2014 | 4/24/2018 | 10/10/2018 | 169 | 15, 37 | $312468 | Direct Add | 10/10/2018 |
| 7 52-0177 | Froedtert Memorial Lutheran Hospital (Milwaukee (Milwaukee, Milwaukee, WI) | National Government Services (J6) | 6/30/2014 | 7/31/2018 | 11/30/2018 | 122 | 50 | $360670 | Direct Add | 11/30/2018 |

                                          Total Amount of Reimbursement:   $3060038

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant
to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 54

**RECEIVED**

MAY 1 7 2019

**PRRB**

Revised Schedule of Providers in Group

Group Name:   K&S 2014 DGME Fellows Prior and Penultimate Years Group

Representative   King & Spalding

Case No:   18-0247G

Page No.  1  of  2

Date Prepared   5/10/2019

Issue:   Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 16-0058 | University of Iowa Hospitals and Clinics (Iowa City, Johnson, IA) | Wisconsin Physicians Service (J5) | | 6/30/2014 | 7/25/2017 | 11/17/2017 | 115 | 5, 42 | $839286 | Direct Add | 11/17/2017 |
| 2 17-0040 | University of Kansas Hospital (Kansas City, Wyandotte, KS) | Wisconsin Physicians Service (J5) | | 6/30/2014 | 8/11/2017 | 10/11/2017 | 61 | N/A | $492984 | 18-0032 | 11/17/2017 |
| 3 19-0036 | Ochsner Medical Center (Jefferson, Jefferson, LA) | Novitas Solutions, Inc. (JH) | | 12/31/2014 | 4/27/2018 | 10/10/2018 | 166 | 23, 57 | $439059 | Direct Add | 10/10/2018 |
| 4 26-0091 | SSM Health St. Mary's Hospital - St. Louis (Saint Louis, Saint Louis, MO) | Wisconsin Physicians Service (J5) | | 12/31/2014 | 6/8/2017 | 9/7/2017 | 91 | 40 | $28187 | 17-2188 | 11/17/2017 |

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 55

RECEIVED

MAY 1 7 2019

PRRB

Revised Schedule of Providers in Group

Group Name:   K&S 2014 DGME Fellows Prior and Penultimate Years Group

Representative   King & Spalding

Case No:   18-0247G

Page No.  2   of  2

Date Prepared   5/10/2019

Issue:   Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 5  33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2014 | 12/16/2017* | 4/5/2018 | 110 | N/A | $2335654 | Direct Add | 4/5/2018 |
| 6  47-0003 | University of Vermont Medical Center (Burlington, Chittenden, VT) | National Government Services, Inc. (JK) | 9/30/2014 | 4/24/2018 | 10/10/2018 | 169 | 15, 37 | $500117 | Direct Add | 10/10/2018 |
| 7  52-0177 | Froedtert Memorial Lutheran Hospital (Milwaukee (Milwaukee, Milwaukee, WI) | National Government Services (J6) | 6/30/2014 | 7/31/2018 | 11/30/2018 | 122 | 50 | $665846 | Direct Add | 11/30/2018 |

Total Amount of Reimbursement:   $5301133

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 56

RECEIVED

MAY 2 9 2019

PRRB

Schedule of Providers in Group

Group Name: Carolinas HealthCare System 2013 DGME Fellows CIRP Group

Representative: King & Spalding

Case No: 18-0806GC

Page No. 1 of 1

Date Prepared: 5/23/2019

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 34-0001 | Carolinas Medical Center - NorthEast (Concord, Cabarrus, NC) | Palmetto GBA (JM) | 12/31/2013 | 11/30/2017* | 2/2/2018 | 64 | N/A | $13839 | Direct Add | 2/2/2018 |
| 2 34-0113 | Carolinas Medical Center (Charlotte, Mecklenburg, NC) | Palmetto GBA (JM) | 12/31/2013 | 1/8/2019 | 5/22/2019 | 134 | N/A | $121141 | Direct Add | 5/22/2019 |
| 3 34-3026 | Carolinas Rehabilitation - Main (Charlotte, Mecklenburg, NC) | Palmetto GBA (JM) | 12/31/2013 | 2/9/2018 | 8/9/2018 | 181 | 31 | $8613 | Direct Add | 8/9/2018 |

Total Amount of Reimbursement: $143593

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 57

RECEIVED

MAY 2 9 19

PRRB

**Schedule of Providers in Group**

Group Name: Carolinas HealthCare System 2013 DGME Fellows Prior and Penultimate
Years CIRP Group                                                          Page No. 1 of 1

Representative  King & Spalding                                          Date Prepared  5/23/2019

Case No:  18-0807GC

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 34-0001 | Carolinas Medical Center - NorthEast (Concord, Cabarrus, NC) | Palmetto GBA (JM) | 12/31/2013 | 11/30/2017* | 2/2/2018 | 64 | N/A | $41924 | Direct Add | 2/2/2018 |
| 2 34-0113 | Carolinas Medical Center (Charlotte, Mecklenburg, NC) | Palmetto GBA (JM) | 12/31/2013 | 1/8/2019 | 5/22/2019 | 134 | N/A | $211556 | Direct Add | 5/22/2019 |
| 3 34-3026 | Carolinas Rehabilitation - Main (Charlotte, Mecklenburg, NC) | Palmetto GBA (JM) | 12/31/2013 | 2/9/2018 | 8/9/2018 | 181 | 31 | $4723 | Direct Add | 8/9/2018 |

Total Amount of Reimbursement:  $258203

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 58

RECEIVED

MAY 2 9 2019

PRRB

### Schedule of Providers in Group

Group Name:   King & Spalding CY 2013 DGME Fellow Penalty Present Year (II) Group

Representative   King & Spalding

Case No:   19-1535G

Page No.   1   of   1

Date Prepared   5/22/2019

Issue:   Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E. Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1  33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2013 | 10/5/2018 | 3/27/2019 | 173 | 63, 64 | $1245544 | Direct Add | 3/27/2019 |
| 2  42-0078 | GHS Greenville Memorial Hospital (Greenville, Greenville, SC) | Palmetto GBA (JM) | 9/30/2013 | 9/26/2018 | 3/25/2019 | 180 | N/A | $16040 | 19-1502 | 5/13/2019 |
| 3  49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2013 | 12/28/2018 | 3/27/2019 | 89 | 64, 65, 66 | $293311 | 19-1534 | 3/27/2019 |

Total Amount of Reimbursement:   $1554895

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 59



Schedule of Providers in Group

RECEIVED

MAY 2 9 2019

| | | |
|---|---|---|
| Group Name: | King & Spalding CY 2013 DGME Fellow Penalty Prior and Penultimate Years (II) Group | Page No. 1 of 1    PRRB |
| Representative | King & Spalding | Date Prepared   5/22/2019 |
| Case No: | 19-1536G | Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful as it applies to the prior and penultimate years. |

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1  33-0059 | Montefiore Medical Center (Bronx, Bronx, NY) | National Government Services (JK) | 12/31/2013 | 10/5/2018 | 3/27/2019 | 173 | 63, 64 | $2103746 | Direct Add | 3/27/2019 |
| 2  42-0078 | GHS Greenville Memorial Hospital (Greenville, Greenville, SC) | Palmetto GBA (JM) | 9/30/2013 | 9/26/2018 | 3/25/2019 | 180 | N/A | $34304 | 19-1502 | 5/13/2019 |
| 3  49-0032 | VCU Medical Center (Richmond, Richmond, VA) | Palmetto GBA (JM) | 6/30/2013 | 12/28/2018 | 3/27/2019 | 89 | 64, 65, 66 | $467583 | 19-1534 | 3/27/2019 |

Total Amount of Reimbursement:   $2605633

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 60

RECEIVED

MAY ½ 9 2019

PRRB

### Schedule of Providers in Group

Group Name: King & Spalding CY 2015 DGME Fellow Penalty Present Year (II) Group    Page No. 1 of 1

Representative: King & Spalding    Date Prepared 5/23/2019

Case No: 19-1948G

Issue: Whether CMS's policy of calculating DGME payments for hospitals that are operating above their FTE caps and are training "fellows" is unlawful.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 19-0036 | Ochsner Medical Center (Jefferson, Jefferson, LA) | Novitas Solutions, Inc. (JH) | 12/31/2015 | 2/27/2019 | 5/22/2019 | 84 | 56, 57, 59 | $157018 | Direct Add | 5/22/2019 |
| 2 47-0003 | University of Vermont Medical Center (Burlington, Chittenden, VT) | National Government Services, Inc. (JK) | 9/30/2015 | 2/11/2019 | 5/22/2019 | 100 | N/A | $329288 | Direct Add | 5/22/2019 |
| 3 52-0087 | Gundersen Lutheran Medical Center (La Crosse, La Crosse, WI) | National Government Services (J6) | 12/31/2015 | 1/13/2019* | 5/22/2019 | 129 | N/A | $12303 | Direct Add | 5/22/2019 |
| 4 52-0177 | Froedtert Memorial Lutheran Hospital (Milwaukee Milwaukee, Milwaukee, WI) | National Government Services (J6) | 6/30/2015 | 4/10/2019 | 5/22/2019 | 42 | 46 | $362303 | Direct Add | 5/22/2019 |

Total Amount of Reimbursement: $860912

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.

EJR Determination for Case Nos. 18-0338GC, *et al.*
King & Spalding DGME Fellows Groups
Page 61

Schedule of Providers in Group

RECEIVED

MAY 2 9 2019

PRRB

Group Name:   King & Spalding CY 2015 DGME Fellow Penalty Prior and Penultimate   Page No. 1 of 1
              Years (II) Group

Representative   King & Spalding                                                    Date Prepared   5/23/2019

Case No:   19-1949G                        Issue:   Whether CMS's policy of calculating DGME payments for
                                                    hospitals that are operating above their FTE caps and are training
                                                    "fellows" is unlawful as it applies to the prior and penultimate
                                                    years.

| Provider Number | Provider Name | Intermediary | Appealed Period (and impacted CRPs) | A Date of Final Determination | B Date Hearing Rqst Filed | C No. of Days | D Audit Adj No. | E Amount of Reimbursement | F Original Case No. | G Date Add/ Transfer Filed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1  19-0036 | Ochsner Medical Center (Jefferson, Jefferson, LA) | Novitas Solutions, Inc. (JH) | 12/31/2015 | 2/27/2019 | 5/22/2019 | 84 | 56, 57, 59 | $360304 | Direct Add | 5/22/2019 |
| 2  47-0003 | University of Vermont Medical Center (Burlington, Chittenden, VT) | National Government Services, Inc. (JK) | 9/30/2015 | 2/11/2019 | 5/22/2019 | 100 | N/A | $590682 | Direct Add | 5/22/2019 |
| 3  52-0087 | Gundersen Lutheran Medical Center (La Crosse, La Crosse, WI) | National Government Services (J6) | 12/31/2015 | 1/13/2019* | 5/22/2019 | 129 | N/A | $24745 | Direct Add | 5/22/2019 |
| 4  52-0177 | Froedtert Memorial Lutheran Hospital (Milwaukee Milwaukee, Milwaukee, WI) | National Government Services (J6) | 6/30/2015 | 4/10/2019 | 5/22/2019 | 42 | 46 | $744517 | Direct Add | 5/22/2019 |

Total Amount of Reimbursement:   $1720248

*This is the day after the anniversary of the MAC's receipt of the Provider's perfected or amended cost report. The Provider is appealing from the MAC's failure to issue a timely determination pursuant to 42 C.F.R. § 405.1835(c), and this is the earliest date the Provider could file its appeal on that basis.